■ MARLEN FLOOR CORPORATION, Respondent, v CRANE-HOGAN STRUCTURAL SYSTEMS, INC., Appellant.—Order unanimously affirmed without costs. Memorandum: Defendant hired

plaintiff to install a concrete floor in an airplane hangar. Plaintiff used a concrete hardener called Mastercron manufactured by Master Builders, Inc. The contract between plaintiff and defendant contained a disclaimer which absolved plaintiff from liability for any defects caused by improper concrete mix or application of hardeners. The contract also warranted that plaintiff would complete all work "in a workmanlike manner according to standard practices." During the pouring of the concrete, the concrete exhibited blistering on the surface. Of the seven areas plaintiff poured, four areas exhibited problems and required repair. Defendant paid plaintiff for only a portion of the work and plaintiff sued for the balance.

Plaintiff demonstrated its entitlement to summary judgment by establishing that it applied the Mastercron and finished the floor in accordance with recommended procedures. Defendant did not produce any evidence that plaintiff performed the work in an unworkmanlike manner. Defense counsel conceded that the depositions of Mr. Murphy and Mr. Schutz were not competent evidence to show that plaintiff's conduct caused the problem. Mr. Murphy was not aware of the application techniques plaintiff used and Mr. Schutz did not know what caused the blistering and was not qualified to judge whether plaintiff was responsible for it. The deposition of Mr. Gay is similarly insufficient. Although Mr. Gay opined that the cause of the problem was that the second application of "shake" was applied too late and did not have enough water to be fully integrated with the initial pouring, he repeatedly acknowledged that he was not qualified to testify regarding the timing applications or the techniques plaintiff used and, therefore, could not conclude that plaintiff's work was improper. Accordingly, defendant failed to raise a triable issue of fact and plaintiff is entitled to judgment as a matter of law. Lastly, the court properly denied defendant's motion to renew and/or reargue. (Appeal from Order of Supreme Court, Monroe County, Wesley, J.—Summary Judgment.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.